UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFERY PEARSON,

        Plaintiff,

v.                                              Civil Action No.: 2:14cv88

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Jeffery Pearson's ("Plaintiff") Objections to the Report and Recommendation of the United States Magistrate Judge ("Magistrate Judge"). Doc. 17. For the reasons explained below, the Court **OVERRULES** Plaintiff's objections after a de novo review and, finding no clear error in the remainder of the Magistrate Judge's Report & Recommendation ("R&R"), **ADOPTS** the R&R in its entirety. Doc. 16.

### I.  BACKGROUND

Plaintiff does not object to the recitation of the procedural or factual background of this case contained in the R&R, which sets forth, inter alia, the following facts.

**A. Procedural History**

Plaintiff filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") with the Social Security Administration ("SSA") on April 13, 2009, alleging a disability onset date of February 5, 2009. Doc. 16 at 1. The application alleged that Plaintiff suffered from impairments including back pain, shin splints, and carpal tunnel syndrome. Id. Plaintiff's application was denied initially, as well as upon reconsideration. Id. Plaintiff then requested an administrative hearing, which was held on October 6, 2010. Id. at 1–

1

2. At this hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Id. at 2. Plaintiff appealed this decision and was provided a second hearing before a different ALJ on August 16, 2012. Id. At the second hearing, Plaintiff was again found not to be disabled. Id.

Plaintiff's final request for review by the Appeals Council was denied on January 8, 2014. Id. Having thereby exhausted his administrative remedies, Plaintiff filed the instant action on March 4, 2014, seeking judicial review of the Commissioner's final decision. Doc. 1. The parties filed cross motions for summary judgment, which were addressed by the R&R, entered on October 1, 2014. See Doc. 16. Plaintiff filed his Objections to the R&R on October 17, 2014. Doc. 17. Defendant filed a Response on October 23, 2014. Doc. 18. Plaintiff then sought leave from the Court to file a Reply, Doc. 20, which the Court granted.[1] Doc. 21.

## B. Factual Background

Plaintiff was forty-five (45) years old at the alleged onset of his disability. Doc. 16 at 2. He has a high school education and his work experience includes service with the Navy and time in food delivery, grounds maintenance, and press operation. Id.

In July 2009, Plaintiff reported acid reflux, multi-site joint pain, and anxiety. Id. at 2–3. Medical testing revealed degenerative changes to his spine and shoulder but was negative for rheumatoid arthritis. Id. at 3. Treatment by a psychiatrist diagnosed Plaintiff with a major depressive disorder–single episode and bereavement–but falling short of Post-Traumatic Stress Disorder. Id. Plaintiff received both medication and therapy treatments relating to this diagnosis. Id.

---

[1] Plaintiff first lodged its Reply on October 29, 2014, Doc. 19, which the Court did not consider since it was not properly filed. Although Local Civil Rule 7(F)(1) generally permits the filing of reply briefs in support of motions, it does so under the caveat "unless otherwise directed by the Court." The R&R, echoing Federal Rule of Civil Procedure 72(b)(2), explicitly permitted only the filing of a response. See Doc. 16 at 17. Additionally, an objection is not a motion in the traditional sense covered by Local Civil Rule 7(F). Therefore, any briefing relating to Plaintiff's Objections beyond Defendant's Response required leave of Court.

In September 2010, Plaintiff underwent further testing on his shoulder. Id. A treating physician determined that Plaintiff was suffering from right shoulder synovitis and carpal tunnel syndrome. Id. Plaintiff received ongoing medications to help control his pain in this area. Id. Additionally, Plaintiff claims to have developed a shin splints condition while serving in the Navy in the early 1980s. Id. at 4.

Plaintiff worked as a press operator for a plastics company until he was laid off in February 2009. Id. He briefly worked as a life insurance salesman, but resigned for personal reasons. Id. At approximately the time of his second hearing before an ALJ, Plaintiff helped to clear an acre of land using a chainsaw. Id. At the hearings, Plaintiff testified to being capable of driving his own vehicle, managing his finances, and traveling with regularity. Id.

At Plaintiff's second hearing before an ALJ, a Vocational Expert ("VE") testified as to the nature of Plaintiff's prior employment and his future capabilities. Id. The ALJ asked the VE a hypothetical question regarding the employment capacity of an individual with Plaintiff's age, education, experience, and medical conditions. Id. at 4–5. In response, the VE identified three jobs—motel cleaner, cashier, and machine tender—all of which Plaintiff could adequately perform and are readily available in the economy. Id. at 5.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's R&R to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. As to the unchallenged portions of the R&R, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life &

Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Defendant requests that the Court apply a clear error standard to its entire review based on the allegation that Plaintiff's Objections were "essentially verbatim recitation of arguments" from its summary judgment motion. Doc. 18 at 1 (citing Williams v. Astrue, No. 2:09cv60, 2010 WL 395631 (E.D. Va. Feb. 2, 2010)). This argument is grounded in the Court of Appeals for the Fourth Circuit's principle that general objections fail "to satisfy the requirements of Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C)." Williams, 2010 WL 395631, at *3.

In Williams, however, the plaintiff's objections were "practically a verbatim copy of the argument section of [p]laintiff's previously-filed summary judgment brief." Id. at *2. Such is not the case here. Plaintiff's Objections specify two aspects of the R&R to which he objects, and although the arguments are very similar to those made on summary judgment, the language is not verbatim. Compare Doc. 13 at 18–21, with Doc. 17 at 1–7 (distinctions highlighted by the fact that Plaintiff's first point in his Objections is substantially longer than the same point when made previously). Therefore, the Court will conduct a de novo review of the two aspects of the R&R raised in Plaintiff's Objections. See Doc. 17 at 1 & 7.

In exercising a de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d

585, 589 (4th Cir. 1996)) (internal quotation marks omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. Thus, if the Court finds in its de novo review of the objections that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the R&R must be adopted.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that he is not eligible for DIB and SSI, and asks this Court to reverse and remand to the Commissioner. Doc. 13 at 1. In his Objections to the R&R, Plaintiff argues that the Magistrate Judge erred (1) by deciding that the ALJ had no duty to resolve the alleged conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), and (2) by deciding that the ALJ's hypothetical accurately reflected Plaintiff's limitations. Doc. 17 at 1, 7.

**A. The ALJ met its duty to resolve any "apparent" conflict in evidence**

Social Security Ruling 00-4p states that "[w]hen there is an <u>apparent unresolved conflict</u> between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at *2 (Dec. 4, 2000) [hereinafter "SSR 00-4p"] (emphasis added). A split of authority exists as to the extent of an ALJ's duty to investigate "unresolved" conflicts, and the impact that has on the meaning of the word "apparent" in SSR 00-4p. See Doc. 19 at 4–5 (comparing Justin v. Massanari, 20 Fed. App'x 158 (4th Cir.

2001), and Moore v. Colvin, — F.3d —, 2014 WL 5293396 (8th Cir. Oct. 17, 2014)). The Fourth Circuit has not yet issued a published opinion to resolve this issue conclusively. Id. at 5.

The Fourth Circuit has, however, dealt directly with this issue in an unpublished opinion. See Justin, 20 Fed. App'x at 160. In Justin, the Fourth Circuit stated that SSR 00-4p "only requires an ALJ to address evident discrepancies between a [VE]'s testimony and the [DOT], and specifically declines to place an obligation on ALJs to uncover such discrepancies." Id.; see also Stuckey v. Colvin, No. 2:12cv386, 2013 WL 6185837, at *3 (E.D. Va. Nov. 25, 2013) ("Once the ALJ fulfills its 'affirmative responsibility' to inquire about possible conflicts and, if necessary, resolve reasonably explained conflicts, the ALJ may accept the VE's testimony in its consideration of whether there is substantial evidence of disability.").

This Court sees no reason to depart from the well-reasoned persuasive authority of its Circuit and District. Accordingly, although the ALJ does have an affirmative duty to elicit a reasonable explanation for any "apparent unresolved conflict," such a conflict cannot be "apparent" if the ALJ specifically asks the VE if it exists, and the VE testifies that it does not. Therefore, this Court **FINDS** that the ALJ's duty does not require "an independent investigation into the testimony of witnesses." Stuckey, 2013 WL 6185837, at *3 (quoting Smith v. Colvin, 2013 WL 5966427 (N.D.W. Va. Nov. 8, 2013)).

Here, at the beginning of the VE's testimony, the ALJ requested the VE to inform the tribunal at any point that his testimony conflicted with the DOT. Doc. 16 at 9. This request, coupled with the fact that the VE did not point out any such conflict, satisfies the duty of the ALJ to inquire into apparent conflicts. Neither the VE's testimony, nor the ALJ's requisite inquiry, nor Plaintiff's counsel, elicited any evidence of a conflict between the VE's assessment of viable alternative employment and the descriptions of those three positions in the DOT. Id. Therefore,

there was no "apparent unresolved conflict" in this case for the ALJ to explain. See SSR 00-4p. Plaintiff's Objection in this regard is thereby **OVERRULED**.

### B. The ALJ's hypothetical was appropriate

At the administrative hearing, the ALJ posed the VE a hypothetical scenario where an individual with Plaintiff's age, education, and experience "could perform simple routine tasks requiring lifting and carrying no more than 10 lbs. frequently and 20 lbs. occasionally, standing and walking six hours in an eight hour day, but only occasional lifting and reaching overhead with the non-dominant upper extremity, occasional bending, stooping, crouching, kneeling and crawling, and ambulating only on level surfaces." Doc. 16 at 4–5. The VE used this hypothetical to determine three types of alternative employment that Plaintiff was still physically capable of performing. Id. at 5. Based on the existence of these alternatives, the ALJ denied Plaintiff's claim for benefits and the R&R upheld the validity of the hypothetical. Id. at 11–14.

Plaintiff's Objection is based on the argument that his treatment records show that he did not possess "the ability consistently to stand or walk six-to-eight hours a day, five days a week in the performance of light work" as required by the ALJ's hypothetical. Doc. 17 at 7–8. In support of this point, Plaintiff points to ten citations in the administrative record that allegedly "show that he was treated on numerous occasions for multiple joint pain, leg pain, and chronic shin splints." Id. Defendant does not address this argument. See Doc. 18.

The Court has reviewed this issue de novo, specifically including those treatment records highlighted by Plaintiff, and **FINDS** no error in the hypothetical presented by the ALJ. Although Plaintiff has certainly pointed to numerous records of his complaints to medical personnel regarding leg and shin pain, see Doc. 17 at 8, the Court sees no evidence in the record of Plaintiff's inability to stand or walk in the limited manner required by light work. In many of the treatment records the leg or shin Plaintiff's complaints were merely part of his medical history, in

7

some he was prescribed pain medication, and in several the doctor theorized about the possibility of chronic pain syndrome. No treatment record discussed or recommended limitation of activity on a level that would conflict with the ALJ's hypothetical. Additionally, as late as June 2011, Plaintiff indicated that he had "lost 20 pounds walking without a cain [sic]." Doc. 9 at 1473.

Certainly, Plaintiff's medical records show some limitations from what is considered fully normal workplace activity. These limitations however, are accounted for in the ALJ's hypothetical, which was limited to light work, and to ambulation only on flat ground. Based on this Court's review of the record, the limitations in the ALJ's hypothetical are sufficient to appropriately reflect Plaintiff's employment capacity at the time. Therefore, Plaintiff's Objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that the ALJ's decision is supported by substantial evidence in the record. Therefore, after a de novo review, the Court **OVERRULES** Plaintiff's Objections, Doc. 17, and finding no other clear error, **ADOPTS** the R&R, Doc. 16, in its entirety. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment, Doc. 12, **GRANTS** Defendant's Motion for Summary Judgment, Doc. 14, and **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Commissioner be upheld. This case is thereby **DISMISSED WITH PREJUDICE**.

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the

Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 5, 2014